IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEPHEN L. HAWKS,

       Plaintiff,

v.                                       CIV 09-0436 BB/KBM

JIM MATTOX, DAN MORALES,
JOHN CORNYN, and GREGG ABBOTT,
in their personal supervisory capacities as
Attorney Generals of the State of Texas, and
JANE DOES 1-50, employees of the Texas
Attorney General Child Support Division,
in their personal and supervisory capacities,

       Defendants.

## MEMORANDUM OPINION & ORDER

Upon further review of this matter, the referral to the Magistrate Judge is hereby revoked, *see Doc. 47,* and for the reasons below, this action will be dismissed without prejudice for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* Doctrine. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923).

This matter involves more than a two-decade dispute between Plaintiff and the State of Texas concerning how it calculated the amount of child support he was obligated to pay, with the last order being entered in April 2006. This is not the first civil suit involving the same categories of Defendants. Indeed, the subject of this suit served as the foundation for federal criminal proceedings where Plaintiff pleaded guilty to, among other things, violating 18 U.S.C. § 228(a)(3). *See, e.g., Doc. 1* at 3-5, 9-10, 23-25; *Doc. 36-7* at 1 (plea agreement to "Count[] 1 . . .

of the Second Superseding Indictment charging violation[] of 18 U.S.C. § 228(a)(3), that being 'Felony Failure To Pay Past-Due Child Support"); *Doc. 36-6* at 1-2 ("Count 1 . . . as originally ordered on July 20, 1988 . . . past due child support obligation has remained unpaid for more than two years and is in an amount greater than $10,000.00 . . . in violation of Title 18, United States Code, Sections 228(a)(3) and 228(c)(2)"); *Hawks v. Castilleja et al.,* CIV 07-348 LH/LAM (hereinafter *Hawks - Judge Hansen*).

In a comprehensive decision entered in March of this year, Senior United States District Judge C. LeRoy Hansen dismissed Hawks' other similar civil action for lack of subject matter jurisdiction even under the narrow scope of the *Rooker-Feldman* doctrine.  At its heart, the suit before Judge Hansen challenged whether child support orders, especially the Modified Order of February 18, 1998,[1] were calculated correctly.  *See id.* at 4, 11-13.  Despite the smoke and mirrors Mr. Hawks raises in his *pro se* complaint, that is also the precise issue raised in this lawsuit.

Plaintiff filed the instant action on May 5, 2009, after Judge Hansen's dismissal order was entered.  Here, Plaintiff asserts that the Texas court's miscalculations and its law enforcement efforts to recover assessed arrearages in child support deprived him of:

(1)   "rights, privileges, or immunities secured by the Constitution and laws as stated in 42 U.S.C. § 1983," *Doc. 1* at 35;

(2)   "equal protection of the laws, and of equal privileges and immunities under the laws as set forth in . . . § 1985," *id.;*

(3)   his rights under the "interstate commerce clause under . . . § 1983," *id.;* and

---

[1]   There is some dispute whether the year of entry was 1998 or 1999, but I find that immaterial to the application of the *Rooker-Feldman* Doctrine.

(4)   constitutes intentional infliction of emotional distress, *id.* at 36.

Thus, some of the claims here are identical to those in Judge Hansen's suit.  On the other hand, the parties are different.

Here, the only defendant who is the same as in Judge Hansen's suit is Texas Attorney General Gregg Abbott.  Yet, here he is named in what I construe to be his official capacity only and in Judge Hansen's suit he was construed to be named in his  individual capacity only. Compare *Doc. 1* at 1 ("in their personal supervisory capacities") (emphasis added) *with Hawks - Judge Hansen* (Doc. 106 at 1 ("Individually and Personally as Attorney General of Texas") and id. at 15 ("thus, [Abbott] cannot be held individually liable for Plaintiff's claims under the Fourth and Eighth Amendments" for conduct that occurred before he became Attorney General). Likewise, the other defendants in Judge Hansen's suit were four employees who worked in the "Child Support Division" of the Texas Attorney General's Office and were connected with the calculations or enforcement in Plaintiff's case.[2]   Here, Plaintiff names fifty yet unidentified "Jane Does" who worked or work in the Division and presumably have some connection to the calculations or enforcement in Plaintiff's case.  And, unlike Judge Hansen's case, here Plaintiff names former Texas attorney generals whose collective tenure spans the decades of calculations at issue:  former Texas attorney generals John Cornyn and Dan Morales, *see Doc. 11-5, Doc. 36-5,* and former Texas Attorney General Jim Mattox, who died months before Plaintiff filed his action and has not been served for obvious reasons.[3]

---

[2]   *See*  www.oag.state.tx.us/cs (the "Child Support Division" page of the "Attorney General of Texas Greg Abbott" website).

[3]   *See* www.washingtonpost.com/wp-dyn/content/article/2008/11/23/AR2008112302209.html.

3

All of the attorney generals have moved to dismiss this action on "preclusion" grounds. *See Doc. 11* at 2, *Doc. 12* at 2, *Doc. 36* at 2.  While it is true that "claim preclusion" or "issue preclusion" will prevent relitigation of the same issue in another suit, one of the requirements in either instance is that both actions involve the same litigants.  *See, e.g, MACTEC, Inc. v. Gorelick,* 427 F.3d 821, 831 (10th Cir. 2005) (discussing doctrine of "res judicata, or claim preclusion"), *cert. denied,* 547 U.S. 1030 (2006);  *Mabry v. State Bd. of Community Colleges and Occupational Educ.,* 813 F.2d 311, 316 (10th Cir.) (discussing "[i]ssue preclusion or estoppel"), *cert. denied,* 484 U.S. 849 (1987).   Given that this suit involves wholly different defendants and Defendant Abbott is sued in a different capacity, I am unpersuaded that preclusion is an appropriate ground upon which to dismiss.

That does not mean I disagree with Judge Hansen's analysis, and the attorney generals here raise the same jurisdictional and nonjurisdictional grounds for dismissal as raised there.  As stated above, I agree with Judge Hansen that the *Rooker-Feldman* Doctrine deprives the Court of subject matter jurisdiction but add these observations.

Hawks denies that he is attempting to undo the original child support order in 1988, and I concur with that assessment.  At its essence, however, the Complaint alleges that the Modified Order of February 18, 1998 failed to accurately calculate Hawk's child support obligations pursuant to the original order and thereby incorrectly assessed arrearages for which he was later successfully prosecuted for failing to pay.  Thus, it is that final February 18, 1998 Modified Order that is challenged by Hawks in the instant action.

As the Supreme Court explained,

> The *Rooker-Feldman* doctrine prevents the lower federal courts from
> exercising jurisdiction over cases brought by "state-court losers"
> challenging "state-court judgments rendered before the district court
> proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Industries
> Corp.*, 544 U.S. 280, 284 (2005). . . . The *Rooker-Feldman* doctrine . . .
> includes three requirements: (1) "[T]he party against whom the
> doctrine is invoked must have actually been a party to the prior
> state-court judgment or have been in privity with such a party"; (2)
> "the claim raised in the federal suit must have been actually raised or
> inextricably intertwined with the state-court judgment"; and (3) "the
> federal claim must not be parallel to the state-court claim."

*Lance v. Dennis*, 546 U.S. 459, 460 & 462 (2006) (internal citations omitted).  Here, all three

requirements are clearly satisfied.  *See eg., Jackson v. Davidson,* 272 Fed App'x 722 (10th Cir.

2008) (holding action seeking to enjoin enforcement of state divorce decree is "precisely the type

of claim encompassed by the *Rooker-Feldman* doctrine" and quoting *Van Sickle v. Holloway*, 791

F.2d 1431, 1436 (10th Cir.1986) for proposition that "[f]ederal district courts do not have

jurisdiction over challenges to state-court decisions in particular cases arising out of judicial

proceedings even if those challenges allege that the state court's action was unconstitutional").

Because this Court lacks subject matter jurisdiction, the dismissal must be without prejudice.  *See

Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (reversing dismissal with

prejudice even where amendment of pleading could not eliminate standing as a bar to subject

matter jurisdiction because "[a] longstanding line of cases from this circuit holds that where the

district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be

without prejudice.").

Judge Hansen further explained that even if the doctrine was not applicable, several

alternative reasons justified dismissal of the complaint but with prejudice, among them:

! lack of personal jurisdiction under Rule 12(b)(2) because 42 U.S.C. § 1983 has no nationwide service of process, *see Hawks - Judge Hansen* (Doc. 106 at 4, 6);

! lack of personal jurisdiction under Rule 12(b)(2) and New Mexico's long-arm statute because Texas Attorney General Abbott was not the attorney general for any alleged conduct occurring prior to his taking office but, in any event, his alleged "contacts" with New Mexico regarding enforcement of the child support obligations were not sufficient, *see id.* at 7-11;

! failure to state a claim under Rule 12(b)(6) because use of lawful means to collect child support arrearages do not rise to the level of a constitutional violation and are therefore not actionable under 42 U.S.C. § 1983, *see id.* at 5, 14-15; and

! the conduct alleged was not sufficient to state a claim for intentional infliction of emotional distress under state law, *see id.* at 16-17.

Moreover, Judge Hansen also did not allow Plaintiff to file a second amended complaint because it would be "futile" to do so.  The second amended complaint, among other things, asserted that the alleged miscalculations and efforts to recover the arrearage violated due process, equal protection, and New Mexico's prohibition against intentional infliction of emotional distress.  *See id.* (Doc. 67 at 10-18).   Given that the proposed amendments did not cure the defects in personal and subject matter jurisdiction and because "all of the claims in the second amended complaint, including Plaintiff's equal protection claim, should be dismissed on the merits for the same reasons discussed herein," Judge Hansen dismissed the case.  *See id.* (Doc. 106 at 17).  That matter is presently on appeal.  *See Hawks v. Abbott,* No. 09-2075 (briefing appears complete as of 9/28/09).

In addition, like Judge Hansen and as elaborated in the motions before me, I further agree that if *Rooker-Feldman* did not bar this Court from exercising jurisdiction, the Court would find

that Plaintiff has not stated a viable due process, equal protection, or intentional infliction of emotional distress claim.  Moreover, the Eleventh Amendment bars recovery of damages against the attorney generals in their official capacities, defendants collectively would be is absolutely or qualifiedly immune.  *See, e.g., Doc. 36.*  In addition, there are wholly independent grounds why Plaintiff's Complaint may fail to state any claim.  First, the "Deadbeat Parents Act" under which Plaintiff was convicted and imprisoned has been upheld against Commerce Clause challenges. *See United Sates v. Kukufka,* 478 F.3d 531, 535-36 (3rd Cir. 2007); *United States v. Rich,* 336 F.3d 293 (4th Cir. 2003); *United States v. Klinzing,* 315 F.3d 803, 806-07 (7th Cir. 2003) (citing nine other circuits that agree, including *United States v. Hampshire,* 95 F.3d 999 (10th Cir. 1996), *cert. denied,* 519 U.S. 1084 (1997)); *United States  v. Monts,* 311 F.3d 993, 996-997 (10th Cir. 2002), *cert. denied,* 538 U.S. 938 (2003).  Also, for the reasons and authorities stated in the attorney general motions, Plaintiff's federal claims appear barred by the statute of limitations, regardless of whether Texas or New Mexico law is used.  *See, e.g., Doc. 11* at 20-22.  Thus, even if I disagreed that Plaintiff fails to state an intentional infliction of emotional distress claim, with no viable federal claims, the Court would decline to exercise supplemental jurisdiction of the remaining state claims.  *See, e.g., Spencer v. Landrith,* 315 Fed. App'x 62, 67 (10th Cir. 2009) ("In accordance with 28 U.S.C. § 1367(c)(3), a district court has the discretion to decline to exercise supplemental jurisdiction over a state-law claim if 'the district court has dismissed all claims over which it has original jurisdiction.'  *See also Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir. 1998) ('When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.').").

Wherefore,

7

IT IS HEREBY ORDERED AS FOLLOWS:

1.    My referral to the Magistrate Judge for a recommendation under 28
      U.S.C. §§ 636(b)(1)(B), (b)(3), and *Virginia Beach Fed. Sav. & Loan
      Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990) *(Doc. 47)* is revoked;

2.    Defendants' motions to dismiss *(Docs. 11, 12, 36)* are granted insofar as they seek
      dismissal based upon the *Rooker-Feldman* Doctrine;

3.    Plaintiff's motions for "summary judgment," to "strike," and to "take judicial notice"
      *(Docs. 26, 35, 40)* and Defendant Cornyn's motion to strike *(Doc. 39)* are denied as
      moot;

4.    This action be dismissed without prejudice; and

5.    A final order enter concurrently herewith.


      _____
      UNITED STATES DISTRICT JUDGE